**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4393**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VICENTE RAMIREZ,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-01138-TLW-1)

Submitted: February 13, 2009      Decided:  March 9, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.  Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Vicente Ramirez pled guilty to possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006). At the sentencing hearing, the district court pronounced a sentence of ninety-three months in prison. Ramirez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious grounds for appeal. Counsel questions whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Ramirez's guilty plea, whether the sentence imposed was reasonable, and whether the district court abused its discretion in declining to make a downward variance from the advisory sentencing guidelines range. Ramirez was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm Ramirez's conviction and the oral sentence imposed at the sentencing hearing but remand the case to the district court with instructions to correct the written judgment to conform to the oral sentence.

Counsel raises as a potential issue the adequacy of the plea hearing but concludes that there were no deficiencies in the district court's Rule 11 inquiries. Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Ramirez's

2

guilty plea and ensured that Ramirez entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel next questions the reasonableness of the sentence and whether the district court abused its discretion by denying Ramirez's motion for a downward variance sentence. We review the sentence imposed by the district court for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). Our review of the record leads us to conclude that the district court followed the necessary procedural steps in sentencing Ramirez, properly calculating the guidelines range and considering that recommendation in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). See Gall, 128 S. Ct. at 597. We also find that the district court meaningfully articulated its refusal to vary from the guidelines range and its decision to sentence Ramirez within the advisory guidelines range. See id.; Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). Thus, we conclude that the sentence is reasonable.

We have reviewed the record in accordance with Anders and affirm Ramirez's conviction and the ninety-three-month sentence pronounced at the sentencing hearing. We note,

however, that the written judgment reflects a sentence of ninety months' imprisonment. Where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence controls. Fed. R. Crim. P. 35(c) ("'[S]entencing' means the oral announcement of the sentence."); United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003); United States v. Morse, 344 F.2d 27, 30-31 (4th Cir. 1965). Thus, we remand the case to the district court with instructions to correct the written judgment to conform to the sentence announced at the sentencing hearing.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4