**UNITED STATES of America,**
**Appellee,**

v.

**Wayne Francis MORSE, Appellant.**

**No. 9771.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 1, 1965.

Decided April 5, 1965.

William J. McCarthy, Baltimore, Md. (Court-assigned counsel), for appellant.

Paul M. Rosenberg, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and CHRISTIE, District Judge.

SOBELOFF, Circuit Judge:

Convicted of violating the Dyer Act, 18 U.S.C.A. § 2312, Wayne Francis Morse appeals from the sentence imposed upon him by the District Court on May 15, 1964. There is no attack on the underlying conviction.

Nearly two years earlier, on April 25, 1962, the District Court, sitting without a jury, had found Morse guilty; but, in light of the pre-sentence report, the court deemed it advisable to have further information before imposing final sentence. Therefore, on May 25, 1962, pursuant to the provisions of 18 U.S.C.A. § 4208(b), Morse was committed to the custody of the Attorney General for study and recommendations. As required by the statute, that sentence was fixed at five years, the maximum authorized for a Dyer Act offense. On September 28, 1962, on receiving the report of the Director of the Bureau of Prisons, the court affirmed the five-year sentence of imprisonment originally imposed. Although represented by court-appointed counsel at the September 28, 1962, sentencing, Morse was not personally present.

Thereafter, in November, 1962, Morse filed several motions under 28 U.S.C.A. § 2255 to vacate, correct or set aside this sentence. At the hearing on these motions, one ground for relief which he asserted was that the sentence was imposed in his absence. Morse relied on the Supreme Court's decision in United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), handed down since the imposition of sentence. The District Court, taking cognizance of the Behrens case, acknowledged that because Morse was not present in court on September 28, 1962, the sentence imposed upon him

was invalid. Consequently, on May 15, 1964, with Morse and his court-appointed counsel both present, the court reimposed sentence. This is the sentence that forms the basis of the appeal.

■ The transcript of the May 15, 1964, sentencing proceeding reveals that the Judge made perfectly clear his intention to impose an equivalent sentence to the one for five years ineffectually pronounced in Morse's absence on September 28, 1962. The court, however, was concerned that the Parole Board might fail to give the prisoner credit for good-time allowances earned while serving the prior invalid sentence. The District Judge took the precaution of safeguarding these allowances, estimated at about one year, by crediting them against a five-year sentence. He therefore decided to impose the equivalent of the original five-year sentence, less approximately one year of earned good-time allowance, or, as the Judge more accurately expressed it, the defendant should have "an overall term of three years, eleven months and twenty-one days, dating from May 25, 1962 [the date Morse was first received in federal custody]." The court then added:

"The formal judgment of the Court, then, Mr. Morse, is that you be committed to the custody of the Attorney-General for a period of two years, *dating from today,* under the provisions of 4208(a) * * *." (Emphasis supplied.) [1]

When the Parole Board examined the prisoner's file it called the District Court's attention to the provision of 18 U.S.C.A. § 4208(b), directing that when a defendant is sentenced after having been committed for study and recommendations, "[t]he term of the sentence shall run *from the date of original commitment* under this section." (Emphasis supplied.) In an effort to emphasize its earlier declared intention, the court issued a memorandum on June 4, 1964, stating that the sentence of two years imposed on May 15, 1964, was intended and should be construed to mean:

"that the defendant serve an additional period of two years from and after May 15, 1964, less good time allowances and other credits to which defendant may become entitled, computed upon an overall term of three years, eleven months and twenty-one days dating from May 25, 1962."

The appellant contends that when the District Judge orally pronounced sentence of imprisonment "for a period of two years, dating from today * * *," the words "dating from today" were inoperative surplusage because in conflict with the provisions of 18 U.S.C.A. §§ 4208(b) and 3568.[2] The contention is that the validity of the two-year sentence was not affected by the words "dating from today." The argument then proceeds that, when Morse commenced service of a valid sentence of two years, the District Court lost the power to increase

---

1. The court subsequently filed a written order of commitment which recited:

"That the Defendant is hereby committed * * * for imprisonment for a period of Two (2) Years; Defendant to become eligible for parole at such time as the Board of Parole may determine * * *."

To the extent of any conflict between this written order and the oral sentence, the latter is controlling. Rakes v. United States, 309 F.2d 686 (4th Cir. 1962), cert. denied, 373 U.S. 939, 83 S.Ct. 1543, 10 L.Ed.2d 694 (1963); Payne v. Madigan, 274 F.2d 702 (9th Cir. 1960), aff'd, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961). The proper remedy is for

the District Court to correct the written judgment so that it conforms with the sentencing court's oral pronouncements. Rule 35, Fed.R.Crim.P.; Rakes v. United States, supra.

2. 18 U.S.C.A. § 3568 provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

* * * * *

"No sentence shall prescribe any other method of computing the term."

the term,[3] as the appellant alleges the court attempted to do by means of the June 4, 1964, memorandum. Two years, computed from the original commitment, having been served, Morse demands immediate release.

The appellant's able and devoted court-appointed lawyer places reliance on United States v. Ayscue, 187 F.Supp. 946 (E.D.N.C.1960), aff'd, 287 F.2d 887 (4th Cir. 1961), but the case is distinguishable. In that instance the District Judge, being under the mistaken belief that the prisoner standing before him was serving a sentence imposed by a state court, ordered that the federal sentence should "begin at expiration of sentence defendant is now serving under North Carolina state jurisdiction." On a subsequent motion under 28 U.S.C.A. § 2255, the court held that the proviso deferring the commencement of sentence, prescribed under a mistaken assumption of fact, was inoperative, but that the sentence itself was not impaired. We affirmed per curiam.

■■ If Ayscue can be said to teach any lesson relevant to the question before us it is that we should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing. Indisputably that intention in the present case was that the defendant should serve a term of five years from the date of his original commitment, with normal credits for good behavior. The Judge deviated from the usual formula only out of consideration for the defendant to protect him against the possibility that the good time previously earned on an invalid sentence might otherwise be lost. The precise operation of a sentence for five years, with credit for good time earned, would be to entitle the defendant to be discharged, as the Judge was careful to recite, in three years, eleven months and twenty-one days after May 25, 1962, (the date of the original sentence), less any additional good time to be earned after May 15, 1964, the date of the resentence. As we read the Ayscue decision it does not sustain, but rather opposes, the contention of the present appellant. Here, the Judge's language specifying that the defendant should serve for two years "dating from today" is not surplusage but is essential to execute the court's plain intention.

Nor can we accept the argument that the June 4, 1964, memorandum had the effect of increasing the May 15, 1964, sentence. We are not dealing with a simple instance of a sentence for two years. If no more appeared, the sentence would of course be computed from the date the prisoner commenced service of his sentence and any attempt to increase the term would be ineffective. The District Judge, however, manifested with utmost clarity that in imposing sentence he intended Morse to serve for an additional two years from May 15, 1964, for an over-all term of almost four years from the date of original commitment—that is to say the full five years, with credit for good time. His intention could not have been made more explicit. The memorandum of June 4, 1964, in no way increased the May 15, 1964, sentence; it merely spelled out with further particularity what had already been made abundantly clear. The real issue is not one of a court's power to increase a sentence but whether, when the orally pronounced sentence is perfectly clear, a court is prevented from conforming its records to reflect the oral sentence.

■ We hold that under these circumstances the sentence of May 15, 1964, operated as a valid commitment of the defendant for three years, eleven months and twenty-one days, dating from May 25, 1962, and that Morse is therefore not yet entitled to release.

■ However, the case will be remanded to the District Court with direc-

---

3. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872 (1874); Acme Poultry Corporation v. United States, 146 F.2d 738 (4th Cir. 1944), cert. denied, 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417 (1945); Cisson v. United States, 37 F.2d 330 (4th Cir. 1930).

tions to correct the written commitment in accordance with its oral expressions at the time of sentencing on May 15, 1964. See Rakes v. United States, supra. This will involve no change, certainly no increase, in the sentence. The written sentence should commit the defendant to the custody of the Attorney General for a period of three years, eleven months and twenty-one days, dating from May 25, 1962, less good-time allowances and other credits to which he may become entitled after that date.

Affirmed and remanded.