941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenna Sue STAPLETON, Defendant-Appellant.
 No. 90-5192.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 15, 1991.
Decided Aug. 27, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen M. Williams, Senior District Judge. (CR-89-111-B)
 E. Gay Leonard, Copeland, Molinary & Bieger, Abingdon, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Jerry Walter Kilgore, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED IN PART AND REMANDED IN PART.
 Before SPROUSE and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Glenna Sue Stapleton appeals her convictions on one count of violating 18 U.S.C. §§ 844(i) & 371 and on one count of violating 26 U.S.C. §§ 5861(d) & 5871 and 18 U.S.C. § 2. Her attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Stapleton was notified of her right to file her own appeal but has failed to do so. After reviewing the entire record and all pertinent documents, we affirm the convictions and oral sentence imposed but remand the case to the district court with directions to correct the written judgment to conform to the oral sentence.
 
 
 2
 At sentencing, the district court grouped the two counts pursuant to the sentencing guidelines and orally imposed a sentence of 70 months in prison, a 5-year supervised release term, and a $100.00 special assessment. The written judgment imposes a sentence of imprisonment of 70 months on count 2 and 60 months on count 1 to run concurrently with the sentence imposed on count 2. The written judgment also imposes a 5-year supervised release term on count 2 and a concurrent 5-year supervised release term on count 1. The written judgment therefore conflicts with the oral sentence and in such a situation the oral sentence controls. United States v. Morse, 344 F.2d 27, 29 n. 1 (4th Cir.1965). The case will therefore be remanded to the district court with directions to correct the written judgment. See United States v. Lewis, 626 F.2d 940, 953 (D.C.Cir.1980); Fed.R.Crim.P. 36.
 
 
 3
 The Anders brief discusses two issues. First, Mrs. Stapleton argues that insufficient evidence supports her convictions because the government witnesses supposedly lied at trial and because a letter that was introduced against her did not contain truthful statements. Mrs. Stapleton admitted writing the letter which contained incriminating statements against her and her co-defendant but testified at trial that the statements were not true. The decisions of whether to believe the government witnesses and whether the contents of the letter were the truth were credibility determinations for the jury by which this Court is bound. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 4
 Mrs. Stapleton's second argument is that the government obtained this letter through an unconstitutional search and seizure. The letter was turned over to a federal agent by an acquaintance of Stapleton. There is no evidence in the record to support this contention of unconstitutional seizure and Stapleton's counsel states that a private investigator could not discover any evidence supporting this claim. Therefore, Stapleton has failed to show that the district court erred in any way regarding admission of the letter.
 
 
 5
 In the case of an unsuccessful appellant represented by counsel, the responsibilities of the attorney are set forth in the plan adopted by The Fourth Circuit Judicial Council in Implementation of the Criminal Justice Act of 1964. See 18 U.S.C. § 3006A. These responsibilities include informing her client in writing of her right to petition the Supreme Court for a writ of certiorari. If requested by her client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of her client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 6
 Accordingly, the convictions and oral sentence imposed by the district court are affirmed. The case is remanded to the district court with directions to correct the written judgment in accordance with its oral expressions at the time of sentencing on May 29, 1990. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART; REMANDED IN PART.