37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony GORDON, a/k/a Big Anthony, Defendant-Appellant.
 No. 93-5099.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided Oct. 18, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-91-126)
 Harry O. Shaw, III, Charleston, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., Ben A. Hagood, Jr., Asst. U.S. Atty., Charleston, SC, for appellee.
 D.S.C.
 AFFIRMED IN PART AND REMANDED IN PART.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Anthony Gordon of one count of conspiracy to possess with intent to distribute cocaine and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 846 (West 1981 & Supp.1994), and 18 U.S.C. Sec. 2 (1988). Gordon's attorney filed an Anders* brief but stated that no meritorious issues exist for appeal. Gordon was served a copy of the brief and notified of his right to file a supplemental brief, which he failed to do. After a complete and independent review of the record, we affirm Gordon's convictions and oral sentence imposed at the sentencing hearing but remand the case to the district court with instructions to correct the written judgment to conform to the oral sentence.
 
 
 2
 At sentencing, the district court orally imposed a sentence of 210 months in prison on each of the three counts with the sentences in counts 1 and 2 to run concurrently with the sentence in count 3. (R.Vol. 9, Supp. 1, at 8). This period of incarceration was to run concurrently with the state sentence Gordon was then serving. The district court also imposed a five-year supervised release term and a $150 special assessment. The written judgment imposes a sentence of imprisonment of 210 months on count 3 and 120 months each on counts 1 and 2 to run concurrently with the 210-month sentence. The written judgment also orders a five-year supervised release term and a $150 special assessment. When the written judgment conflicts with the oral sentence, the oral sentence controls. United States v. Morse, 344 F.2d 27, 29 n. 1 (4th Cir.1965). Accordingly, we remand the case to the district court with instructions to correct the written judgment. See Morse, 344 F.2d at 30-31.
 
 
 3
 Gordon raises three arguments in his Anders brief. First, he claims that the district court erred in admitting taped conversations because he did not know they were being recorded. The Government recorded Gordon's conversations about drug activities with three different people, all of whom cooperated with the Government and consented to the recordings. We find that the district did not abuse its discretion in admitting the taped conversations. See United States v. Clark, 986 F.2d 65, 68-69 (4th Cir.1993); United States v. Cruz Jimenez, 894 F.2d 1, 8-9 (1st Cir.1990).
 
 
 4
 Second, Gordon claims that the district court erred in allowing the jury to use transcripts of the taped conversations as aids while the Government played the tapes. We find that the district court did not abuse its discretion because witnesses verified the accuracy of each transcript and the district court cautioned the jury that the transcripts were not evidence. See Clark, 986 F.2d at 69; United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985).
 
 
 5
 Finally, Gordon claims that he should not be held accountable for more than five kilograms of cocaine. We find no clear error in the district court's factual determination, see United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990), because testimony showed that Gordon purchased at least eight kilograms of cocaine on two different occasions.
 
 
 6
 We have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm Gordon's convictions and oral sentence imposed by the district court and remand the case to the district court to correct the written judgment in accordance with its oral expressions at the sentencing hearing.
 
 
 7
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; REMANDED IN PART
 
 
 *
 Anders v. California, 386 U.S. 738 (1967)