**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5416

ANTOINE LAMONTE MOBLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-95-30)

Submitted: November 28, 1995

Decided: March 28, 1996

Before HALL and NIEMEYER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Clifton T. Barrett, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Antoine Lamonte Mobley appeals his conviction and sentence pursuant to his guilty plea to being a felon in possession of a firearm which moved in interstate commerce. 18 U.S.C. § 922(g)(1) (1988 & Supp. V). The Appellant raises two issues on appeal. First, Appellant suggests that § 922(g) is unconstitutional in light of the Supreme Court's recent opinion in United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260). Second, he asserts that the term of supervised release announced at the sentencing hearing controls over the inconsistent term found in the written formal judgment. Because we find that § 922(g) withstands constitutional scrutiny, we affirm his conviction. However, we vacate Mobley's sentence and remand for the sole purpose of correcting the clerical error concerning the term of supervised release in the written judgment.

Appellant argues that the Supreme Court's decision in United States v. Lopez mandates reversal of his conviction. We disagree. Although we have not addressed the impact of Lopez on a § 922(g) conviction, two other circuits have considered and rejected similar constitutional challenges. See United States v. Mosby, 60 F.3d 454, 456 (8th Cir. 1995); United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995).

We find the logic of the Eighth and Ninth Circuit decisions persuasive. The Eighth Circuit quoted the "in or affecting commerce" language of § 922(g) to find that the section logically belonged in a category of activity that Congress may regulate. Mosby, 60 F.3d at 456 n.3; see Lopez, 63 U.S.L.W. at 4346. Similarly, the Ninth Circuit determined that § 922(g) possessed the jurisdictional element which the provision at issue in Lopez lacked. Hanna, 55 F.3d at 1462 n.2 The Hanna court found that the requirement that the firearm at some

2

time been involved in interstate commerce to be sufficient to establish its constitutionality under the Commerce Clause. Id.

Provisions criminalizing possession of firearms under the Commerce Clause have continuously been upheld. A minimal connection with interstate commerce is sufficient to allow Congress to assert its broad regulatory powers in the area of firearm possession. See Scarborough v. United States, 431 U.S. 563, 575 (1977). When addressing a number of federal firearm provisions, including § 922(g), this court held that "[t]he federal statute criminalizing the possession of a firearm by a felon [18 U.S.C.A.§ 924(e) (West Supp. 1995)] does not violate the Commerce Clause because sufficient nexus exists between the harm of firearms and interstate concerns." United States v. Presley, 52 F.3d 64, 67 (4th Cir. 1995). We find that Congress properly enacted § 922(g). Accordingly, we affirm Mobley's conviction.

Mobley and the Government agree that the controlling term of supervised release should be the three-year term announced at the sentencing hearing and not the five-year term stated in the formal written judgment. If there is any conflict between the written order and oral sentence, the oral sentence is controlling. United States v. Morse, 344 F.2d 27, 29 n.1 (4th Cir. 1965). If a sentence is imposed in violation of the law, the proper remedy is to remand the case so that the district court may correct the written judgment so it conforms with the oral pronouncement at the sentencing hearing. See Fed. R. Crim. P. 35(a). We therefore vacate the portion of the sentence in the written judgment dictating the term of supervised release. We remand for the solitary purpose of allowing the district court to correct the written judgment to conform with the three-year supervised release period announced at the sentencing hearing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3