UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4283

CHAD GROOMS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-71)

Submitted: October 31, 2001

Decided: November 16, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

## COUNSEL

Richard A. Davis, Charlottesville, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Chad Grooms appeals the district court's judgment revoking his supervised release and sentencing him to twenty months incarceration and a $100 special assessment. On appeal, Grooms does not challenge the district court's conclusion that he violated the conditions of his supervised release. Grooms raises three challenges.

First, Grooms argues the district court erred in revoking his supervised release. Our review is for abuse of discretion. *United States v. Wells*, 163 F.3d 889, 898-99 (4th Cir. 1998); *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). We hold the district court did not abuse its discretion in revoking his supervised release for violations of the terms of his release. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2001); *U.S. Sentencing Guidelines Manual* §§ 7B1.1(a)(3), 7B1.3(a)(2)(A) (2000).

Second, Grooms argues the district court erred in diverging from the recommended guidelines sentencing range. No objection to the sentence was offered, and thus our review is for plain error. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). We hold the district court did not err in imposing a twenty month sentence on Grooms for violating the terms of his supervised release. 18 U.S.C.A. §§ 3553(a)(4)(B), 3583(e)(3) (West 2000 & Supp. 2001); USSG §§ 7B1.1(a)(3), 7B1.4(a), 7B1.4, comment. (n.4); *Davis*, 53 F.3d at 642.

Third, Grooms argues the district court erred in sentencing him to $100 special assessment in its judgment order revoking supervised release. Since this special assessment was not stated as part of the court's oral sentence, we agree. We therefore vacate that portion of the district court's judgment that imposed the special assessment and remand on this issue under Fed. R. Crim. P. 36 so that the district court may revise its written judgment order to conform to its oral sentence. *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

We affirm all other aspects of the district court's judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*