UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

FRED PEARL ELDRIDGE,
　　　　　　*Defendant-Appellant.*

No. 03-4689

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, Chief District Judge.
(CR-93-20)

Submitted: December 18, 2003

Decided: January 22, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Fred Pearl Eldridge appeals the sentence he received following revocation of his three-year term of supervised release. The district court imposed consecutive sentences of six months on each of the nine original counts of conviction, a total of fifty-four months. The court also imposed a new thirty-month term of supervised release for each count, to be served concurrently. Eldridge's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), address-ing whether the district court erred in imposing a sentence above the 21-to-27-month range suggested under *U.S. Sentencing Guidelines Manual* § 7B1.4, p.s. (2002), but asserting that in his view there are no meritorious issues for appeal. Eldridge has filed a pro se supple-mental brief requesting new counsel and raising additional claims. We deny the motion for new counsel and affirm.

We have thoroughly reviewed the record on appeal and conclude that the district court did not abuse its discretion in sentencing Eldridge to a total of fifty-four months. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (providing standard of review).

In his pro se supplemental brief, Eldridge claims that his attorney was ineffective because he cited an incorrect statute in the *Anders* brief and does not contest the imposition of a new term of supervised release. We decline to review this claim because the face of the record does not conclusively demonstrate that counsel provided ineffective assistance. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). We find no merit in the remaining claims. The court did not err in imposing an additional term of supervised release. *See Johnson v. United States*, 529 U.S. 694 (2000). Nor did the additional term violate the Ex Post Facto Clause. *Id.* at 713 (district court had author-ity to reimpose supervised release when Eldridge was convicted).

Pursuant to *Anders*, this court has reviewed the record for revers-ible error and found none. Accordingly, we affirm. We note that the judgment order is inconsistent with the sentence announced at the

revocation hearing, and we direct the district court to amend the judgment to conform to the orally pronounced sentence. *See United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965) (orally pronounced sentence controls if there is conflict with written judgment).

We deny Eldridge's motion for new counsel and we deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*