**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5151**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SEVERINO LOYA-SANDOVAL, a/k/a Seferino Sandoval-Loya, a/k/a
Sevarino Loya,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:08-cr-00071-NCT-1)

_____

Submitted:  May 28, 2010                Decided:  June 18, 2010

_____

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Benjamin Porter, MORROW ALEXANDER PORTER & WHITLEY, PLLC,
Winston-Salem, North Carolina, for Appellant.  Anna Mills
Wagoner, United States Attorney, Randall S. Galyon, Assistant
United States Attorney, Aindrea Alderson, Third-Year Law
Student, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Severino Loya-Sandoval pled guilty to illegal reentry of a deported alien after conviction of an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to a term of eighty-six months imprisonment. Loya-Sandoval appeals his sentence, arguing that the district court abused its discretion by departing from criminal history category IV to category VI under U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2008), and also in departing upward by two offense levels on the ground that Loya-Sandoval reentered for a criminal purpose, USSG § 5K2.9, p.s. We affirm.

Loya-Sandoval was convicted of heroin trafficking in 1992, sentenced to 180 days imprisonment, and deported. He was deported again in 1997 after a conviction for felony possession of cocaine. Loya-Sandoval was arrested in October 2006 during a state drug investigation in North Carolina. The charge against him was dismissed when his co-defendant, who had initially implicated him, recanted and refused to testify against him. After Loya-Sandoval's guilty plea to unlawful reentry, his recommended advisory guideline range was 37-46 months. At his sentencing hearing, the government presented evidence of his involvement in cocaine trafficking in October 2006. The district court departed upward, finding first that Loya-Sandoval's criminal history score did not adequately reflect his

2

past criminal conduct. The court determined the extent of the departure by first noting that Loya-Sandoval did not receive any criminal history points for his 1992 sentence for heroin trafficking.* The court also assessed one hypothetical criminal history point for each of Loya-Sandoval's two prior illegal reentries, for which he had not been prosecuted. An additional four points would have given Loya-Sandoval a total of 13 criminal history points and placed him in category VI. The court therefore departed upward to category VI pursuant to § 4A1.3. The court found that category V was inadequate.

The court also determined that there was compelling evidence that Loya-Sandoval was involved in a drug offense when he was arrested in October 2006. The court departed upward by four offense levels pursuant to USSG § 5K2.0 to account for the fact that Loya-Sandoval had reentered the country "for the purpose of facilitating drug activity." The new guideline range that resulted from the departures was 77-96 months.

A sentence is reviewed for reasonableness under an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. <u>Id.</u>;

---

* The 180-day sentence was outside the applicable time period. USSG § 4A1.2(e)(3). Otherwise, two points would have been awarded. USSG § 4A1.1(b).

3

see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

Loya-Sandoval argues that the district court's sealed statement of reasons states erroneously that he had two prior uncounted drug convictions. He is correct that only one of his prior drug sentences was uncounted. However, the court's written statement of reasons does not accurately reflect its basis for the criminal history departure, which consisted of one old, uncounted prior sentence for serious criminal conduct, see USSG § 4A1.2, cmt. n.8 (court "may consider [such] information in determining whether an upward departure is warranted under § 4A1.3"), and two instances of "deportation violation" where Loya-Sandoval unlawfully reentered the country after he was convicted of a crime and deported. Loya-Sandoval does not dispute that "prior similar adult conduct not resulting in a criminal conviction" is an approved basis for departure. See USSG § 4A1.3(a)(2)(E). When there is a conflict between the orally pronounced sentence and the written judgment, the oral sentence controls. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003) (citing United States v. Morse, 344 F.2d 27, 29 n.1 (4th Cir. 1965)). In this case, the court's valid orally stated reason for the departure also controls.

Loya-Sandoval further contends that his 1992 drug sentence should not have been considered because it was the

4

basis for the 12-level enhancement he received under § 2L1.2(b)(1)(B), and thus had already been taken into account in the determination of his guideline range. The 1992 sentence did not contribute to Loya-Sandoval's criminal history score, however. Therefore, the district court did not err in deciding that category IV did not adequately reflect the seriousness of his criminal history.

Loya-Sandoval maintains that the evidence presented by the government at sentencing did not establish a connection between his illegal reentry and his involvement in the drug activity for which he was arrested in October 2006. However, the district court noted that, each time Loya-Sandoval returned after being deported, he was apprehended because he committed a crime, usually involving drugs. Although Loya-Sandoval did not receive a conviction for a drug offense after each of his unlawful reentries, we are satisfied that the district court's description of Loya-Sandoval's pattern of deportation, illegal reentry, and continued involvement with drug activity is adequately supported by the record. Moreover, the government's evidence of Loya-Sandoval's involvement with drug trafficking in October 2006 was compelling.

We conclude that Loya-Sandoval has not shown that the district court's decision to depart lacked a sufficient factual basis or was based on a misapplication of § 4A1.3. We further

conclude that the sentence is otherwise reasonable. We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED