**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4707**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CHERI BURNETTE ABRAHAM,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:09-cr-00436-HFF-1)

Submitted: June 23, 2011          Decided: June 30, 2011

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cheri Burnette Abraham pled guilty, without a plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344 (2006). The district court sentenced Abraham to thirty months' imprisonment and ordered her to pay $600,000 in restitution to the victims in monthly installments of $300. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether Abraham's sentence is reasonable.[*] Upon review of the record, we directed supplemental briefing from the parties on whether the district court committed plain error by failing to make specific findings addressing the statutory factors set forth in 18 U.S.C. § 3664(f)(2)(A)-(C) (2006) in entering the restitution order. We affirm Abraham's conviction and sentence, but vacate the judgment and remand to the district court to correct the written judgment to reflect the restitution payment option that is consistent with its oral pronouncement at sentencing.

We review Abraham's sentence using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2008). The first step in this review requires us to

_____

[*] Abraham was informed of her right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief.

2

ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range or failing to consider the [18 U.S.C.] § 3553(a) factors." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. at 51. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

Our review of the record leads us to conclude that the district court did not procedurally err in sentencing Abraham. The court properly calculated the Guidelines range, considered the relevant § 3553(a) factors, made an individualized assessment based on the facts presented, and adequately explained its reasons for the chosen sentence.

Nor was the sentence imposed substantively unreasonable. A sentence within the properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). The thirty-month sentence was in the middle of a properly calculated Guidelines

3

range, and Abraham has failed to rebut the presumption of reasonableness accorded that sentence.

At sentencing, the district court announced a sentence that included restitution payments of $300 per month, commencing sixty days after Abraham's release from incarceration. When counsel for Abraham suggested that her income at that time might not support a $300 monthly payment, the court replied that it would amend the sentence to "put the standard language in there . . . to say that probation is empowered to adjust it up or down for the restitution based upon her ability to pay. So if she can't, then they'll adjust it." The written judgment, however, reflects the $300 per month payment schedule initially announced by the court, and block D is checked on page five of the judgment form. Abraham asserts that the court plainly erred in failing to make findings regarding her ability to pay and in improperly delegating to the probation officer its authority to establish a payment schedule. The Government argues that the court's failure to make findings as to Abraham's ability to pay was mooted by the court's amendment that postponed determination of a payment schedule until her release from prison, when her then-existing financial circumstances may be considered. The Government also suggests that any improper delegation of authority may be cured by simply correcting the written judgment

4

to check block E on page five, which indicates that the court will determine a payment schedule after Abraham's release.

Our review of the record leads us to conclude that the district court clearly intended to amend its initial statement regarding the restitution payment schedule to delay determination of the schedule until after Abraham is released from incarceration. To the extent that there is a conflict between the court's comments at the sentencing hearing and the criminal judgment, it is normally the rule that the oral sentence will control. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. United States v. Morse, 344 F.2d 27, 30-31 (4th Cir. 1965). We agree with the Government that the court's intent is most accurately reflected by block E on page five of the judgment form, and that selecting this option also avoids an improper delegation of authority to set a payment schedule. Accordingly, we affirm Abraham's conviction and sentence, but vacate the judgment and remand to the district court for correction of the written judgment to conform to its oral pronouncement of sentence.

In accordance with Anders, we have reviewed the entire record and found no other meritorious issues for appeal. This court requires counsel inform Abraham, in writing, of the right

5

to petition the Supreme Court of the United States for further review.  If Abraham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Abraham.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART