**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4012

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEYONTA TAREZZE LANGLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:18-cr-00025-D-1)

Submitted:  June 22, 2023                         Decided:  June 27, 2023

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:** Mark R. Sigmon, SIGMON LAW, PLLC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, John Gibbons, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keyonta Tarezze Langley pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  We affirmed Langley's conviction, but we vacated his sentence and remanded for resentencing because the district court had not orally pronounced all nonmandatory conditions of supervised release.  *United States v. Langley*, No. 19-4689, 2022 WL 4077093, at *1 (4th Cir. Sept. 6, 2022).  On remand, the district court sentenced Langley to 90 months' imprisonment and three years of supervised release.  Langley has again appealed.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Langley's sentence is substantively unreasonable.  In a pro se supplemental brief, Langley argues that the district court failed to grant him a reduction for acceptance of responsibility.  We affirm the district court's amended judgment but remand with instructions to make one correction in the amended judgment.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021).  "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.* (internal quotation marks omitted).  "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances."  *United States v. McCain*, 974 F.3d 506,

2

515 (4th Cir. 2020) (internal quotation marks omitted). "A sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (internal quotation marks omitted).

Beginning with procedural reasonableness, the district court at resentencing correctly calculated the Guidelines range, considered the parties' arguments and Langley's individualized circumstances, allowed Langley to allocute, and explained why the chosen sentence was appropriate. And despite Langley's assertion on appeal, the court did in fact include a reduction for acceptance of responsibility within its Guidelines calculation.

Our review of the record did, however, uncover one issue with Langley's supervised release conditions. At resentencing, the district court ordered Langley to support his children, while the amended written judgment requires Langley to support his dependents. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). And we have explained that inconsistency between the descriptions of a supervised release condition announced at sentencing and in the written judgment may constitute reversible *Rogers* error where the government fails to explain the alleged inconsistency. *United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022); *see United States v. Jenkins*, No. 21-4003, 2022 WL 112069, at *2 (4th Cir. Jan. 12, 2022). However, in the context of this record, which reflects no dependents other than Langley's children, it is clear the district court's intention was to require Langley to support his children. In these circumstances,

3

"[t]he proper remedy is for the [d]istrict [c]ourt to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965). Thus, Langley's sentence is procedurally reasonable.

Turning to the substantive reasonableness of the sentence, the district court found that, although Langley had taken some courses at his prison facility since the initial sentencing hearing, he had also incurred infractions for fighting and disruptive conduct. The district court explained that the sentence was necessary in light of the seriousness of Langley's offense; his criminal history; and the need to afford adequate deterrence, promote respect for the law, and provide just punishment. Given the district court's considered explanation under the § 3553(a) factors, we conclude that Langley fails to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the amended judgment and remand to the district court with instructions to correct the amended judgment to conform with the court's oral pronouncement that Langley support his children, leaving the sentence, including the remaining conditions of supervised release, undisturbed. This court requires that counsel inform Langley, in writing, of the right to petition the Supreme Court of the United States for further review. If Langley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Langley.

4

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*