**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––––

**No. 22-4509**

––––––––––––––

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMAL LAMONT SIMS,

        Defendant - Appellant.

––––––––––––––

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00147-D-1)

––––––––––––––

Submitted:  July 28, 2023                                        Decided:  August 15, 2023

––––––––––––––

Before DIAZ, Chief Judge, and MOTZ and KEENAN, Senior Circuit Judges.

––––––––––––––

Affirmed and remanded by unpublished per curiam opinion.

––––––––––––––

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Lamont Sims pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018)[1] (Count 1), and possession of marijuana, in violation of 21 U.S.C. § 844(a). The district court sentenced Sims to 78 months' imprisonment on Count 1 and a concurrent 12 months on Count 2, to be followed by three years of supervised release on Count 1 and a concurrent one-year term on Count 2. Additionally, the court imposed discretionary conditions of supervised release. Sims appealed, and we affirmed Sims' convictions but vacated his sentence and remanded for resentencing pursuant to *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) ("[A]ll non-mandatory conditions of supervised release must be announced at . . . sentencing."). *United States v. Sims*, No. 20-4192, 2022 WL 777199 (4th Cir. Mar. 14, 2022) (unpublished). On remand, the district court conducted a resentencing hearing and imposed the same 78-month sentence of imprisonment and three-year term of supervised release on Count 1 and the same concurrent one-year prison sentence and one-year term of supervised release on Count 2. The court also orally pronounced the nonmandatory conditions of supervised release to which Sims would be subjected.

---

[1] Section 924(a)(2) was amended in 2022 and no longer provides the penalty for § 922(g) convictions. The new penalty provision in § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Sims committed his offense before the June 25, 2022, amendment to the statute.

2

Sims now appeals from the amended criminal judgment entered on remand. Sims' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sims' sentence is reasonable. For the reasons stated below, we affirm Sims' sentence, but remand for the correction of the criminal judgment.

We review a sentence for reasonableness by "applying a deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). In doing so, our "inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness by considering the totality of the circumstances." *Id.* (internal quotation marks omitted). We "apply a presumption of [substantive] reasonableness to a sentence within or below a properly calculated [G]uidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

The district court correctly calculated the advisory Sentencing Guidelines range, adequately considered the § 3553(a) factors, and provided a meaningful explanation for the sentence that it chose. *See Friend*, 2 F.4th at 379. Contrary to counsel for Sims' contention, the district court sufficiently addressed defense counsel's arguments for a lesser sentence. In particular, the district court noted that Sims had earned his GED and completed prison programs, recognized Sims' arguments concerning the difficulties presented by incarceration during the COVID-19 pandemic, and acknowledged Sims' clean disciplinary record. The court emphasized that none of Sims' expunged convictions had been counted in establishing his advisory Guidelines range, and that Sims' criminal record placed him in criminal history category VI. Additionally, the court opined that Sims' prior convictions were troubling, underscoring Sims' recidivism with regard to illegal firearm possession. We are satisfied that Sims' sentence is procedurally reasonable. We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Sims' within-Guidelines sentence. *Vinson*, 852 F.3d at 357-58.

We note, however, that in imposing Sims' supervised release conditions at the sentencing hearing, the district court ordered Sims to "support [his] children," while the written judgment required Sims "to support his dependent(s)." Our precedents direct that we remedy this discrepancy, *see Rogers*, 961 F.3d at 296-99 (requiring district court to announce all nonmandatory conditions of supervised release at the sentencing hearing), by

4

correcting "the written judgment so that it conforms with the sentencing court's oral pronouncements," *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).[2]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal.  We therefore affirm Sims' sentence and remand to the district court with instructions to correct the written judgment to conform with the district court's oral pronouncement that Sims "support [his] children," leaving the sentence, including the remaining conditions of supervised release, undisturbed.

This court requires that counsel inform Sims, in writing, of the right to petition the Supreme Court of the United States for further review.  If Sims requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

---

[2] In the context of this record, which reflects no dependents other than Sims' children, it is clear that the district court's intention was to require Sims to support his children.

5