**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4757**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LOUIS JOHNSON, III,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:23-cr-00454-HMH-2)

—————————

Submitted:  October 27, 2025                          Decided:  November 6, 2025

—————————

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

—————————

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Janis R. Hall, Greenville, South Carolina, for Appellant.  Winston Irwin Marosek, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Louis Johnson, III, appeals his conviction and the 33-month sentence imposed following his guilty plea to conspiracy to possess stolen mail, in violation of 18 U.S.C. §§ 371, 513, 1708.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 when accepting Johnson's guilty plea and whether the court properly calculated his Sentencing Guidelines range.[*]  Although notified of his right to do so, Johnson has not filed a pro se supplemental brief.  The Government has moved to dismiss Johnson's sentencing challenge as barred by the appeal waiver included in the plea agreement, by which Johnson "waive[d] the right to contest either the conviction or the sentence in any direct appeal or other postconviction action," with limited exceptions.  We dismiss in part, affirm in part, and remand with instructions to correct the criminal judgment.

We review the validity of an appeal waiver de novo.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  "When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *Id.* (citation modified).  "A valid appeal waiver is one entered by the defendant knowingly and intelligently, a

---

[*] To the extent *Anders* counsel briefly states that plea counsel rendered ineffective assistance by failing to meet with Johnson in-person and discuss the merits of his case prior to the Rule 11 hearing, "there is no conclusive evidence of ineffective assistance on the face of this record." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Accordingly, "[this] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.*

determination that we make by considering the totality of the circumstances." *Id.* (citation modified).

Our review of the record confirms that Johnson knowingly, voluntarily, and intelligently executed the appeal waiver. We therefore grant the Government's motion and dismiss Johnson's challenge to the calculation of his Sentencing Guidelines range.

Next, because Johnson did not move to withdraw his plea or otherwise object during the plea hearing, we review the validity of his guilty plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Here, the district court's colloquy contained several omissions. Specifically, the court failed to advise Johnson of his right to confront and cross-examine adverse witnesses and that his right to appointed counsel extended to every stage of the proceedings. *Cf.* Fed. R. Crim. P. 11(b)(1)(D), (E). The court also did not inform Johnson of the maximum penalty for his offense or the court's authority to order forfeiture. *Cf.* Fed. R. Crim. P.

3

11(b)(1)(H), (J).  However, we recently emphasized that "even if a district court departs from Rule 11's text, . . . the overarching inquiry is whether there is a reasonable probability that the defendant would not have pleaded guilty had there been no Rule 11 error." *United States v. Smith*, __ F.4th __, __, 2025 WL 2922870, at *3 (4th Cir. 2025) (citation modified).  Nothing in the present record suggests that, but for the district court's omissions, Johnson would not have pled guilty.  And our review of the record confirms that the district court otherwise substantially complied with Rule 11 and ensured that Johnson's plea was knowing, voluntary, and supported by an adequate factual basis.  We therefore conclude that Johnson's guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  However, our review revealed that the district court orally pronounced at sentencing a special condition of supervised release related to restitution that is not reflected in the written judgment.  In these circumstances, "the proper remedy is for the district court to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965) (citation modified).

We therefore grant the Government's motion to dismiss and dismiss the appeal as to the sentencing issue identified in the Government's motion.  We otherwise affirm, and we remand to the district court for the limited purpose of correcting the written judgment to conform with the court's oral pronouncement of the special condition of supervised release related to restitution.

4

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*