**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-4141

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

    v.

MALCOLM MCKINNEY,

  Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:20-cr-00078-AWA-LRL-1)

_____

Submitted:  October 20, 2025                              Decided:  December 30, 2025

_____

Before AGEE, QUATTLEBAUM, and BERNER, Circuit Judges.

_____

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Paul A. Driscoll, ZEMANIAN LAW GROUP, Norfolk, Virginia, for Appellant.  Jacqueline Romy Bechara, Alexandria, Virginia, Joseph Kosky, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm McKinney pled guilty, pursuant to two plea agreements, to bank fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1344; aggravated identity theft and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1028A(a)(1); and three counts of uttering counterfeit securities or obligations, in violation of 18 U.S.C. § 472. The district court sentenced McKinney to 84 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in denying McKinney a downward adjustment for acceptance of responsibility and whether McKinney's sentence is otherwise reasonable. McKinney was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waivers in McKinney's plea agreements. We affirm in part, dismiss in part, and remand for correction of clerical errors.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a [Federal] Rule [of Criminal Procedure] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the

2

import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Our review of the record confirms that McKinney knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waivers are valid and enforceable and that the sentencing issues counsel raises fall squarely within the scope of the waivers.

McKinney's appellate waivers, however, do not bar our consideration of the validity of his guilty pleas. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because McKinney did not attempt to withdraw his guilty pleas, we review any challenge to the validity of the pleas for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). We conclude that the magistrate judge did not err, plainly or otherwise, in accepting McKinney's pleas. The magistrate judge substantially complied with Rule 11 and properly found that McKinney's pleas were knowing, voluntary, and supported by independent factual bases. *See Taylor-Sanders*, 88 F.4th at 522.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of McKinney's valid appellate waivers. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waivers. We otherwise affirm the judgment.

Our review of the record, however, revealed two discrepancies between the district court's oral pronouncement of the restitution, the restitution order, and the criminal judgment. The first discrepancy involves who is liable for the restitution. At sentencing, the district court found that McKinney and his codefendants are jointly and severally liable for the $75,500 owed to the Navy Federal Credit Union and that McKinney is solely liable

3

for the $25,548 owed to Walmart. But the criminal judgment indicates that McKinney and his codefendants are jointly and severally liable for the entire $101,048. The second discrepancy involves how the restitution payments are to be made upon McKinney's release from incarceration. At sentencing, the district court directed McKinney to pay the balance in installments of not less than $100 per month. But the restitution order directs McKinney to pay the balance in installments of not less than $100 per month or 25 percent of his net income, whichever value is greater. We remand this case so that the district court may amend the restitution order and criminal judgment to conform with its oral pronouncements at sentencing. *See* Fed. R. Crim. P. 36; *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (reiterating that where oral pronouncement of sentence and written judgment conflict, oral pronouncement controls); *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965) ("To the extent of any conflict between [a] written order and [an] oral sentence, the latter is controlling.").

This court requires that counsel inform McKinney, in writing, of the right to petition the Supreme Court of the United States for further review. If McKinney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McKinney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*

4