**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4419

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER HAROLD GOINS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
District Judge.  (7:10-cr-00107-FL-1)

Submitted:  April 18, 2012               Decided:  May 8, 2012

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Kristine L. Fritz, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Harold Goins, Jr., appeals the 240-month sentence imposed following his conviction of one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2006). On appeal, Goins argues that the district court's upward departure resulted in a substantively unreasonable sentence. He also seeks a remand for correction of the written judgment to reflect the district court's oral pronouncement of his sentence. Although we affirm Goins's sentence, we remand for the district court to correct the written judgment.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed"). A sentence is reviewed for procedural and substantive reasonableness. Gall, 552 U.S. at 51. In reviewing a variance sentence for substantive reasonableness, we assess "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the sentence] and

2

justified a substantial deviation from the Guidelines range." Id. at 56. In doing so, we must "take into account the totality of the circumstances, including [the] extent of any variance from the Guideline range." Id. at 51.

Goins argues that the district court abused its discretion in granting the Government's motion for an upward departure based on the Guidelines' underrepresentation of his criminal history where his sentence was already enhanced based on the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006). We disagree. The district court's decision to depart upward "reflects a thorough individualized assessment of [Appellant's] situation, in light of the § 3553(a) factors." United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012). The court thoroughly explained that Goins's history of violent behavior and recidivism and the need to protect the public and promote respect for the law warranted a 240-month sentence. Accordingly, we conclude that the court did not abuse its discretion by departing upward to a 240-month sentence.

Although we affirm Goins's sentence, we remand for correction of the written judgment. At sentencing, the district court ordered that Goins's federal sentence be served concurrently with any not-yet-imposed state sentence involving the same firearm. See Setser v. United States, No. 10-7387,

3

2012 WL 1019970, at *3 (U.S. Mar. 28, 2012) (permitting a district court to order that the federal sentence run consecutively or concurrently with a future state sentence). The amended written judgment, however, orders that the sentence run concurrently with "any state sentencing the defendant is now serving." Where there is a conflict between a district court's written judgment and its oral pronouncement of the sentence, the oral sentence controls. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003) (citing United States v. Morse, 344 F.2d 27, 30 n.1 (4th Cir. 1965)). The remedy for such a conflict is to remand to the district court with instructions to correct the written judgment to conform to the oral sentence. Morse, 344 F.2d at 30-31 & n.1. We reject the Government's suggestion that the discrepancy between the oral prouncement of sentence and the written judgment is harmless.

For the foregoing reasons, we affirm Goins's sentence but remand with instructions to correct the written judgment to reflect the district court's oral pronouncement of Goins's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4