**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4161**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CODY ZACHARY LOCKLEAR,

Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:20-cr-00089-D-1)

---

Submitted:  January 20, 2023                           Decided:  March 1, 2023

---

Before NIEMEYER and WYNN, Circuit Judges, and James K. BREDAR, Chief United States District Judge for the District of Maryland, sitting by designation.

---

Affirmed in part and remanded in part with instructions by unpublished per curiam opinion.

---

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cody Locklear pleaded guilty to possession with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two). The district court sentenced Locklear to a total of 144 months' incarceration and two concurrent five-year terms of supervised release. During sentencing, the district court announced several special conditions of supervised release. Among those conditions announced at sentencing was that Locklear "support [his] children" during his term of supervised release. The written judgment requires that Locklear "support his dependent(s)" during his term of supervised release.

On appeal, Locklear's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that counsel had not identified any meritorious grounds for appeal, but questioning whether Locklear's sentence is substantively reasonable. Locklear was notified of his right to file a *pro se* supplemental brief but did not file one. The Government moved to dismiss the appeal. After reviewing the record pursuant to *Anders*, we identified a potentially meritorious issue, and accordingly directed the parties to provide supplemental briefing addressing whether there is error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).[*]

---

[*] We also asked the parties to provide supplemental briefing regarding whether any portion of the appeal is barred by waiver. As the parties agree, the waiver in Locklear's plea agreement was knowing and voluntary, it bars any claim that the sentence was substantively unreasonable, and it does not bar Locklear's claim discussed below. The record reflects that Locklear's waiver was knowing and voluntary, and it is therefore (Continued)

*See Rogers*, 961 F.3d at 296 (holding that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing").

Locklear argues that he is entitled to a vacatur of his sentence and a remand for resentencing pursuant to *Rogers* because the condition of supervised release in his written judgment requiring him to "support his "dependent(s)" differs from the term as announced by the district court at sentencing that he "support [his] children." He argues that the difference between the terms children and dependents is meaningful, as the latter could encompass a broader class of individuals. The Government argues that this Court should affirm the district court or, alternatively, should remand only for correction of the written judgment to conform with the district court's oral pronouncement.

This difference can be resolved without the need for a full resentencing, the remedy required under *Rogers*. *See Rogers*, 961 F.3d at 300–01 (vacating sentence and remanding to the district court for resentencing where district court failed to announce discretionary conditions of supervised release during sentencing). Rather, the remedy for a conflict of this nature is to remand to the district court "to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965). "To the extent of any conflict between [the] written order

---

enforceable. *See United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Further, Locklear agreed to waive "the right to appeal the conviction and whatever sentence is imposed on any ground[.]" This waiver encompasses Locklear's initial challenge to the substantive reasonableness of his sentence. However, the waiver does not encompass Locklear's potential *Rogers* claim. *See Singletary*, 984 F.3d at 345 (holding that an appeal waiver does not bar a *Rogers* claim).

and the oral sentence, the latter is controlling." *Id.* In such cases, the court "should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing." *Id.* at 30. Here, the relevant condition of supervised release was announced at sentencing, but there was an incongruence between that condition as announced and as included in the written judgment. In the context of this record, which reflects no dependents other than Locklear's children, the district court's intention was clearly to require Locklear to support his children. We will therefore remand with instructions to conform the written judgment with the oral pronouncement.

Accordingly, we deny the Government's motion to dismiss, affirm Locklear's sentence, and remand to the district court with instructions to correct the written judgment to conform with the district court's oral pronouncement that Locklear "support [his] children[,]" leaving the sentence, including the remaining conditions of supervised release, undisturbed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED IN PART AND REMANDED IN PART WITH INSTRUCTIONS