**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 21-4409

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TROY LAMONT POWELL, a/k/a Gutter,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:18-cr-00073-D-1)

─────────────

Submitted:  April 27, 2023                                Decided:  May 19, 2023

─────────────

Before AGEE and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Lamont Powell pled guilty, pursuant to a written plea agreement, to assault of a government official using a deadly weapon causing bodily injury, in violation of 18 U.S.C. § 111(a)(1), (b), and possession of a prohibited object by an inmate, in violation of 18 U.S.C. § 1791(a)(2), (b)(3).  The district court sentenced Powell to 210 months' imprisonment and three years of supervised release.  On appeal, Powell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in imposing an offense level enhancement under U.S. Sentencing Guidelines Manual § 2A2.2(b)(1) (2018).  Powell was notified of his right to file a pro se supplemental brief but has not done so.  The Government has moved to dismiss Powell's appeal as barred by the appeal waiver contained in his plea agreement.  We dismiss in part, affirm in part, and remand with instructions.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1).  The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).  Because Powell did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  "Under the plain error

2

standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Here, the record reveals that the district court substantially complied with the Rule 11 requirements and that any errors or omissions did not affect Powell's substantial rights. Further, we conclude that Powell entered his plea knowingly and voluntarily and that a factual basis supported the plea. Accordingly, we conclude that Powell's guilty plea is valid.

Turning to Powell's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Powell knowingly and voluntarily

3

waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue raised by counsel falls squarely within the scope of the waiver.

However, in imposing Powell's supervised release conditions at sentencing, the district court ordered Powell to support his children, while the written judgment required Powell to support his dependents. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. A defendant's challenge to discretionary supervised release conditions that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021).

An inconsistency between the descriptions of a condition of supervision announced at sentencing and in the written judgment may be reversible *Rogers* error where the government fails to explain the alleged inconsistency. *See United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022); *see also United States v. Jenkins*, No. 21-4003, 2022 WL 112069, at *2 (4th Cir. Jan. 12, 2022). However, in the context of this record, which reflects no dependents other than Powell's children, it is clear the district court's intention was to require Powell to support his children. "The proper remedy is for the [d]istrict

4

[c]ourt to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, affirm in part, and remand to the district court with instructions to correct the written judgment to conform with the district court's oral pronouncement that Powell support his children, leaving the sentence, including the remaining conditions of supervised release, undisturbed. This court requires that counsel inform Powell, in writing, of the right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*