**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4648**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN RICHARD HEIDEL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00191-WO-1)

---

Submitted:  June 22, 2023                    Decided:  June 26, 2023

---

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

---

**ON BRIEF:** Elizabeth Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant. K. P. Kennedy Gates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Richard Heidel pleaded guilty, pursuant to a written plea agreement, to possession of child pornography involving a prepubescent minor or a minor under the age of 12, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  The district court sentenced Heidel to 240 months' imprisonment.  On appeal, Heidel's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Heidel's guilty plea is valid and whether Heidel's sentence is reasonable.  Heidel was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Heidel's plea agreement.  We affirm in part, dismiss in part, and remand for correction of the amended judgment.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Heidel knowingly and voluntarily waived his right to appeal his conviction and sentence. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the scope of the appellate waiver, including the sentencing issue raised in the *Anders* brief.

Although Heidel's appellate waiver covers his right to appeal his conviction, it does not preclude our review of counsel's challenge to the validity of Heidel's guilty plea.  *See*

2

*United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We therefore deny in part the Government's motion to dismiss. Because Heidel did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). And we conclude that the district court did not err, let alone plainly so, in accepting Heidel's guilty plea. Indeed, the district court fully complied with Rule 11 and properly found that Heidel's plea was knowing, voluntary, and supported by an independent court factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We are thus satisfied that Heidel's guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver.

Finally, we remand to the district court with instructions to correct the amended judgment's "Schedule of Payments." The district court stated at the sentencing hearing that a payment of $6600 in restitution and special assessments was due immediately, but if Heidel failed to satisfy that obligation while incarcerated, he would have to pay any balance in $50 monthly installments beginning 60 days after his release from prison. The amended judgment provides, however, that Heidel must pay $100 monthly installments. We thus remand to the district court for correction of the amended judgment to conform with the district court's oral pronouncement that Heidel must make $50 monthly payments

3

beginning 60 days after his release from prison. *See United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

This court requires that counsel inform Heidel, in writing, of the right to petition the Supreme Court of the United States for further review. If Heidel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heidel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*

4