**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4579

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAMARI TYRIQ WIGGINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:21-cr-00444-D-1)

Submitted: July 25, 2023                    Decided: July 27, 2023

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, dismissed in part, and remanded with instructions by unpublished per curiam opinion.

**ON BRIEF:** Damon J. Chetson, CHETSON FIRM, PLLC, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamari Tyriq Wiggins seeks to appeal his conviction and sentence imposed following his guilty plea to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2). Wiggins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the validity of Wiggins' guilty plea and whether his sentence is reasonable. Although advised of his right to file a pro se brief, Wiggins has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Wiggins' plea agreement. For the following reasons, we affirm in part, dismiss in part, and remand in part.

First, Wiggins' waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, is supported by an independent factual basis, and did not result from force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3); *Williams*, 811 F.3d at 622.

Because Wiggins neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea

2

colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Wiggins "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). We have reviewed the record and conclude that the magistrate judge[*] fully complied with the requirements of Rule 11 in conducting Wiggins' plea colloquy. *See Williams*, 811 F.3d at 622. Therefore, Wiggins' plea is valid.

Next, we review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). We generally will enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). After reviewing the plea agreement and the transcript of the Rule 11 hearing, we conclude that Wiggins knowingly and voluntarily waived his right to appeal and that the waiver is valid and enforceable. Accordingly, we grant the Government's motion to dismiss Wiggins' appeal as to all issues within the waiver's scope.

We have reviewed the record in accordance with *Anders* and have identified one meritorious issue that falls outside the scope of the waiver. In imposing Wiggins' supervised release conditions at sentencing, the district court announced several special conditions of supervised release, including, inter alia, a requirement that Wiggins support

---

[*] Wiggins consented to proceed before the magistrate judge for purposes of the Rule 11 hearing.

his children. The written judgment, however, requires Wiggins to support his dependents during his term of supervised release. In the context of this record, which reflects no dependents other than Wiggins' children, we conclude that it is clear that the district court's intention was to require Wiggins to support his children. Thus, "[t]he proper remedy is for the [d]istrict [c]ourt to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965). We therefore remand with instructions to conform the written judgment with the oral pronouncement.

Accordingly, for the foregoing reasons, we affirm the district court's judgment in part, dismiss the appeal in part, and remand to the district court with instructions to correct the written judgment to conform with the district court's oral pronouncement, leaving the sentence, including the remaining conditions of supervised release, undisturbed.

This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wiggins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*

4