**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4713**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES MELVIN FEREBEE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:17-cr-00021-D-1)

_____

Submitted:  August 29, 2023                    Decided:  August 31, 2023

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Helen Celeste Smith, Apex, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Melvin Ferebee pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Ferebee to 288 months' imprisonment and 3 years of supervised release. In Ferebee's first appeal, this court affirmed his convictions, vacated his sentence, and remanded for resentencing in light of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021). *United States v. Ferebee*, No. 19-4184 (4th Cir. Feb. 9, 2022). At resentencing on remand, the district court calculated Ferebee's advisory imprisonment and supervised release ranges under the Sentencing Guidelines at 235 to 292 months and 1 to 3 years, respectively, and sentenced him to 235 months' imprisonment and 3 years of supervised release. In this appeal from the amended criminal judgment, Ferebee's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether Ferebee's prison term is unreasonable. Ferebee has filed a pro se supplemental brief raising challenges to the reasonableness of his sentence. Invoking the appeal waiver in Ferebee's plea agreement, the Government moves to dismiss the appeal. Ferebee's counsel has filed a response to the motion.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under

the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Ferebee knowingly and voluntarily waived his rights to appeal. Ferebee waived the rights to appeal his convictions and "whatever sentence is imposed on any ground" and reserved only the rights to appeal from a sentence exceeding the applicable advisory Guidelines range established at sentencing or to raise appellate claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. The challenges to Ferebee's sentence that counsel and Ferebee raise fall squarely within the scope of Ferebee's valid waiver of appellate rights.

3

However, in imposing the discretionary conditions of Ferebee's supervised release at sentencing, the district court orally ordered him to support his children, while the written judgment requires that he support his dependents. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *Rogers*, 961 F.3d at 296-99. This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *Singletary*, this court explained that a challenge to discretionary supervised release conditions that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." 984 F.3d at 345.

An inconsistency between the descriptions of a condition of supervision announced at sentencing and in the written judgment may be reversible *Rogers* error where the Government fails to explain the alleged inconsistency. *See United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022). However, in the context of this record, which reflects no dependents other than Ferebee's children, it is clear the district court's intention was to require Ferebee to support his children. "The proper remedy is for the [d]istrict [c]ourt to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

In accordance with *Anders*, we also have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore grant the

4

Government's motion to dismiss the appeal and remand to the district court with instructions to correct the written judgment to conform with the district court's oral pronouncement that Ferebee support his children, leaving the sentence, including the remaining conditions of supervised release, undisturbed. This court requires that counsel inform Ferebee, in writing, of the right to petition the Supreme Court of the United States for further review. If Ferebee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ferebee.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[*] Ferebee's counsel has moved for leave to withdraw from representation. We deny this motion without prejudice to counsel's ability to refile it after discharging her obligation to inform Ferebee of his right to petition the Supreme Court for further review.