**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4184**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH EARL MOORE, a/k/a Miami,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:19-cr-00033-BO-1)

_____

Submitted:  August 8, 2023                          Decided: September 18, 2023

_____

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Earl Moore appeals the district court's amended judgment entered after we affirmed his conviction and remanded for resentencing based on the district court's failure to orally pronounce supervised release conditions at his initial sentencing, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). In his prior appeal, his counsel filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), challenging his below-Guidelines range prison sentence but concluding that there were no meritorious grounds for appeal. The Government moved to dismiss the appeal based on his appeal waiver; and Moore did not dispute that his waiver was knowing and voluntary or that his appeal issue was barred by the waiver. But, because we found error under *Rogers*, which fell outside the waiver, we denied the Government's motion and remanded for resentencing.

On remand, the probation officer proposed certain special conditions of supervised release, including a search condition requiring reasonable suspicion; and Moore agreed to those special conditions. The district court confirmed that Moore agreed to them and orally pronounced or incorporated them and the other discretionary supervised release conditions. The court also further lowered his prison sentence. But, the subsequent written judgment erroneously stated an altered search condition that did not require reasonable suspicion.

On appeal, Moore contends that the district court erred by imposing, in its written judgment, a discretionary condition of supervised release requiring his submission to suspicionless searches that it did not announce at his resentencing; and this Court is required to vacate his entire sentence and remand for resentencing. The Government concedes that the in-court and written pronouncements of his warrantless search condition

2

were inconsistent; but it argues that because the district court's intention was clear from its oral pronouncement, this Court should remand for the limited purpose of correcting the written judgment to conform with the in-court pronouncement. Moore disputes that the court's intention was clear and argues that it may have changed its mind after resentencing, and it may further reduce his prison sentence if he is granted another resentencing. The parties have also filed Fed. R. App. P. 28(j) letters citing unpublished decisions, which are not binding precedent. *See United States v. Groves*, 65 F.4th 166, 173 n.4 (4th Cir. 2023).

"In *Rogers*, we held that district courts must announce all discretionary conditions of supervised release at a defendant's sentencing hearing." *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022). "Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). But, "a limited remand on only the challenged conditions" may also be "an appropriate remedy" for *Rogers* error. *See United States v. Singletary*, No. 21-4351, __ F.4th __, 2023 WL 4873659, at *1, *7 n.7 (4th Cir. Aug. 1, 2023) (citing *United States v. McMiller*, 954 F.3d 670, 677 (4th Cir. 2020)).

"[W]hen a defendant claims that a district court committed a *Rogers* error, we 'review the consistency of [the defendant's] oral sentence and the written judgment de novo.'" *Cisson,* 33 F.4th at 193. An inconsistency between the descriptions of a supervised release condition announced at sentencing and in the written judgment, in contrast to a court's complete failure to announce discretionary conditions, may also constitute error

3

under *Rogers*. *See id.* at 193-94 (concluding that there was no inconsistency in violation of *Rogers* based on the Government's explanation and the defendant's waiver).

"To the extent of any conflict between this written order and the oral sentence, the latter is controlling." *United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965). In cases where the intent is clear, this Court "should carry out the true intention of the sentencing judge as this may be gathered from what [the judge] said at the time of sentencing"; and "[t]he proper remedy is for the District Court to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *Id*. at 30-31 & n.1.

We have reviewed the record and the parties' submissions on appeal, and we agree that the search condition imposed in the written judgment is inconsistent with the oral pronouncement of the district court at Moore's resentencing. We further conclude that the court's intention was clearly to impose the special conditions of supervised release to which Moore agreed; and a limited remand for correction of the error is an appropriate remedy.

Accordingly, we vacate the challenged supervised release condition, affirm the rest of Moore's sentence, and remand to the district court with instructions to correct the written judgment to conform to the court's oral pronouncements. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED.*

4