**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4170**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARIO TYAIR HIMBRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:21-cr-00045-D-1)

Submitted: October 17, 2023                    Decided: October 19, 2023

Before AGEE, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:** Walter H. Paramore, III, LAW OFFICES OF W.H. PARAMORE, III, Jacksonville, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Tyair Himbry pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Himbry to 120 months of imprisonment and he now appeals.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court correctly applied a Sentencing Guidelines enhancement for possession of the firearm in connection with another felony offense.  Although he was informed of his right to file a pro se supplemental brief, Himbry has not done so.  For the following reasons, we affirm the conviction and sentence, but remand for correction of the judgment.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).  We first must "ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence.  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).  "If the sentence is procedurally sound, we then consider its substantive reasonableness under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 510 (4th Cir. 2021) (internal quotation marks omitted).

When reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error.  *United*

2

*States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

Under the Guidelines, a defendant faces a four-level enhancement to his offense level if he "used or possessed any firearm or ammunition in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021). A firearm is used in connection with another felony offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. McKenzie-Guide*, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted).

Here, Himbry distributed heroin and fentanyl to another in exchange for the firearm. His distribution of the drugs, therefore, had the purpose of his taking possession of the firearm. Counsel suggests that the enhancement should not apply because, even though Himbry traded the drugs for the firearm, it was not clear whether the transfer occurred simultaneously. However, as the district court concluded, whether the exchange occurred at the same time is irrelevant to the question of whether the firearm facilitated the distribution of the drugs. Himbry would not have distributed the drugs but for his receipt of the firearm. The district court thus correctly applied the enhancement in USSG § 2K2.1(b)(6)(B).

In addition to the procedural and substantive requirements of sentencing, a district court must orally pronounce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300.

Here, the district court announced the nonmandatory conditions of supervision at the sentencing hearing. However, in imposing the special conditions of supervised release, the district court ordered that Himbry must support his "children," while the written judgment instead requires Himbry to support his "dependents." Therefore, there is a conflict between the oral pronouncement of this condition and the written judgment. "To the extent of any conflict between [the] written order and the oral sentence, the latter is controlling." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965). This type of conflict can be resolved by allowing the district court "to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *Id.* Thus, we remand for the district court to correct the written judgment.

We have reviewed the entire record in accordance with *Anders* and have found no meritorious issues for appeal. We therefore affirm Himbry's conviction and sentence, and remand to the district court with instructions to correct the written judgment to conform with the court's oral pronouncement of Himbry's sentence that Himbry support his "children." This court requires that counsel inform Himbry, in writing, of the right to petition the Supreme Court of the United States for further review. If Himbry requests that

4

a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Himbry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
*AND REMANDED*