**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4526**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHNNY KONG MENG VANG,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00105-KDB-DCK-1)

---

Submitted:  August 18, 2023                    Decided:  December 7, 2023

---

Before RUSHING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed in part, affirmed in part, and remanded in part with instructions by unpublished per curiam opinion.

---

**ON BRIEF:**  Eric J. Foster, Asheville, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Kong Meng Vang pled guilty pursuant to a plea agreement to receiving and attempting to receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1). The district court sentenced Vang to 168 months' imprisonment and a supervised release term of life. The court also imposed a $35,000 assessment on Vang. Vang's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as an issue whether the 168-month prison term is substantively unreasonable. Vang filed a pro se supplemental brief in which he suggests that the prosecuting attorney engaged in misconduct at the sentencing hearing and that his sentence is unreasonable. After conducting review pursuant to *Anders*, this court ordered supplemental briefing to address the potentially meritorious issues of whether there is reversible error in this case under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), and whether the district court reversibly erred in imposing the $35,000 assessment. In his supplemental brief, Vang's counsel argues that the district court erred in imposing the $35,000 assessment because—contrary to the requirements of 18 U.S.C. § 2259A(c) and 18 U.S.C. § 3572—it failed to consider the amount of restitution it ordered and to identify sentencing factors supporting imposition of an assessment at the statutory maximum. Counsel also argues that the district court erred in imposing on him several discretionary conditions of supervised release because it failed to provide a sufficient explanation for them. Invoking the appeal waiver in Vang's plea agreement, the Government has moved to dismiss the appeal. Vang's counsel has filed a response opposing the motion.

2

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Vang knowingly and voluntary waived his rights to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by counsel in the *Anders* and supplemental briefs and Vang in the pro se brief fall squarely within the scope of the waiver.

3

Turning to Vang's claims of prosecutorial misconduct, we review them for plain error because Vang did not raise claims of prosecutorial misconduct in the district court. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). To succeed on a claim of prosecutorial misconduct, the defendant bears the burden of showing that the prosecution engaged in misconduct and that such conduct "prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *Id.* We have reviewed the record and find no improper conduct on the part of the prosecution that prejudiced Vang. We thus discern no plain error warranting correction in this regard.

Next, whether there is reversible error under *Rogers* with respect to discretionary conditions of supervised release is a matter we review de novo. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *Rogers*, 961 F.3d at 296-99. This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *Singletary*, this court explained that a challenge to discretionary supervised release conditions that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." 984 F.3d at 345.

An inconsistency between the description of a condition of supervision announced at sentencing and in the written judgment may be reversible *Rogers* error where the

4

Government fails to explain the alleged inconsistency.  *See Cisson*, 33 F.4th at 193-94.  In imposing Vang's supervised release conditions at sentencing, the district court ordered as to discretionary condition 11 that he "work full time, at least 30 hours per week[,] at lawful employment, actively seek such gainful employment, or be enrolled in a full-time educational or vocational program unless excused by the probation officer" and "notify the probation officer within 72 hours of any change regarding employment or education."  The written judgment, by contrast, directs Vang to "work full time (at least 30 hours per week) at lawful employment unless excused by the probation officer" and "notify the probation officer within 72 hours of any change regarding employment."  In the context of this record, however, it is clear the district court's intention was to require that Vang work at lawful employment, seek gainful employment, or be enrolled in an educational or vocational program during the period of his supervised release.  "The proper remedy is for the [d]istrict [c]ourt to correct the written judgment so that it conforms with the sentencing court's oral pronouncements."  *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss the appeal in part, affirm in part, and remand in part to the district court with instructions to correct the written judgment to conform with the court's oral pronouncement of discretionary condition 11, leaving the remainder of Vang's sentence undisturbed.  This court requires that counsel inform Vang, in writing, of the right to petition the Supreme Court of the United States for further review.  If Vang requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

5

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vang.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED IN PART WITH INSTRUCTIONS*