**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4167

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MICHAEL KWAME HINES,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:22-cr-00055-FL-1)

_____

Submitted: August 22, 2024                Decided: September 11, 2024

_____

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kwame Hines appeals the 90-month sentence imposed following his guilty plea to two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We affirm the criminal judgment on the briefs, but order a remand for the limited purpose of conforming the written judgment to the oral pronouncement of the sentence in all respects.

The Government moves to dismiss the appeal in part pursuant to the appeal waiver in Hines' plea agreement. When the Government seeks to enforce an appeal waiver, we will uphold the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the waiver's scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). A waiver is generally valid if "a district court questions [the] defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions." *Id.* "[A] waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). The record before us does not include a transcript of the Rule 11 hearing. There is no indication that the district court questioned Hines about the appeal waiver provision, so we cannot discern whether Hines understood the full significance of the waiver. Accordingly, we deny the motion to dismiss in part.

2

Nevertheless, because Hines does not challenge the validity of his convictions, we affirm them.

Hines challenges the procedural reasonableness of his 90-month sentence, an upward variance from the Sentencing Guidelines range of 57 to 71 months' imprisonment. He contends that the district court did not adequately address his arguments for a lower sentence. We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The court "is required to provide 'an individualized assessment' based on the facts before the court, and to explain adequately the sentence imposed 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). An "explanation is sufficient if it, 'although somewhat brief[ly], outline[s] the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments'" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (quoting *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010)). When the court imposes a variance, it "'must give serious consideration to the extent'" of the variance and "'adequately explain the chosen sentence.'" *United States v King,* 673 F.3d 274, 283 (4th Cir. 2012) (quoting *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011)).

When explaining the sentence, the "district court 'must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments.'" *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020)

3

(quoting *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019)).  But the court need not "address every argument a defendant makes."  *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020).  When the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf."  *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020).

The district court always has authority to impose an upward departure or variance, even if it is not recommended by the Probation Office.  *See United States v. McKinnie*, 21 F.4th 283, 288-89 (4th Cir. 2021) (courts "may impose an upward variance . . . if it is justified by the [18 U.S.C.] § 3553(a) factors").  In this instance, the court cited the § 3553(a) sentencing factors as a basis for the upward variance, recognizing in particular Hines' background and history, the prior lenient terms of imprisonment, and the need to protect the public from people who carry guns and associate with criminals.  And Hines' contention that his risk of recidivism would decrease as he ages was countered by the court's observation that Hines had a lengthy criminal history and continued to show disrespect for the law.  On this record, we conclude that the upward-variant sentence was procedurally reasonable.

Hines also asserts that a remand for a full resentencing is necessary because the special condition of supervised release concerning mental health treatment in the criminal judgment is not in accord with the district court's oral pronouncement.  A court must announce all nonmandatory conditions of supervised release at the sentencing hearing.  *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020).  And we have explained that an inconsistency between the description of a supervised release condition announced

4

at sentencing and in the written judgment may constitute a reversible *Rogers* error. *United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022). We have reviewed the record and the criminal judgment and conclude that a full resentencing is unnecessary. Yet, as the parties acknowledge, there is an inconsistency between the written judgment and the court's oral pronouncement with respect to the fine. *See United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965) (noting that when there is any conflict between the written judgment and the oral pronouncement of sentence, the latter is controlling). Because the court's intention with regard to the fine is clear from the record, a limited remand is all that is needed for the court to conform the written judgment to the court's oral pronouncement.

Accordingly, we affirm the criminal judgment on the briefs. We remand to the district court for the limited purpose of conforming the written judgment to the oral pronouncement of the sentence. We deny the parties' joint motion to vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED AND REMANDED*