**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4691

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT BLACK, a/k/a Kareem Banks, a/k/a Nino Black, a/k/a Black,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:16-cr-00054-DCN-9)

Submitted:  August 20, 2024                          Decided:  September 27, 2024

Before DIAZ, Chief Judge, and WILKINSON and KING, Circuit Judges.

Affirmed and remanded with instructions by unpublished per curiam opinion.

**ON BRIEF:**  Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Black appeals the 210-month sentence imposed on resentencing following Black's guilty plea to conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c). Black's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there were no meritorious grounds for appeal but questioning whether the district court adequately explained Black's sentence. After reviewing the record pursuant to *Anders*, we identified two potentially meritorious issues, and we accordingly directed the parties to provide supplemental briefing addressing the constitutionality of a discretionary condition of Black's supervised release ("the contact-with-minors condition") and whether the oral pronouncement of that condition was inconsistent with the written judgment. For the following reasons, we affirm the Black's sentence but remand with instructions for the district court to amend the judgment to match its oral pronouncement of the contact-with-minors condition.

We review "all sentences—whether inside, just outside, or significantly outside the [advisory Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). The district court's "explanation need not be exhaustive or robotically tick through the [18 U.S.C.] § 3553(a) factors," but it "must be sufficient to satisfy the appellate court that the district

2

court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up).  Our review of the record leads us to conclude that the district court adequately explained the chosen sentence.

As to the conditions of Black's supervised release, a district court must orally pronounce at sentencing all discretionary conditions of supervised release.  *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *United States v. Singletary* (*Singletary I*), 984 F.3d 341, 345 (4th Cir. 2021).  Under our precedent, "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error."  *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted).

Here, the parties agree that the versions of the contact-with-minors condition pronounced at sentencing and included in the written judgment are materially inconsistent. They further agree that the district court's intent at sentencing was clear:  that the contact-with-minors condition should prohibit only unsupervised contact with minors to whom Black is not biologically related.  Finally, the parties agree that the appropriate remedy for this error is to remand to the district court to correct the written judgment to conform with the oral pronouncement of the contact-with-minors condition.  This requested remedy is consistent with our precedent.  *See United States v. Singletary* (*Singletary II*), 75 F.4th 416, 427 n.7 (4th Cir.), *cert. denied*, 144 S. Ct. 519 (2023); *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

3

Accordingly, we affirm Black's sentence and remand to the district court with instructions to amend the written judgment to conform with the district court's oral pronouncement of the contact-with-minors condition, leaving the sentence, including the remaining conditions of supervised release, undisturbed.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED WITH INSTRUCTIONS*

---

[*] We discern no plain error in the constitutionality of the contact-with-minors condition as orally pronounced at the resentencing hearing. *See United States v. Elbaz*, 52 F.4th 593, 613 (4th Cir. 2022), *cert. denied*, 144 S. Ct. 278 (2023).