**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4347**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO RASHAAD DOVINE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:11-cr-00279-FL-1)

_____

Submitted:  April 28, 2026                      Decided:  April 30, 2026

_____

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Helen C. Smith, Apex, North Carolina, for Appellant.  W. Ellia Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jake Pugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Rashaad Dovine appeals the 408-month sentence imposed at his most recent resentencing hearing.  In 2013, a jury convicted Dovine of seven counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); six counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and three counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).  The district court sentenced him to 1,752 months' imprisonment.  In 2023, the district court granted in part Dovine's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, vacating one of his § 924(c) convictions and conducting a plenary resentencing.  At the July 2024 resentencing hearing, the court granted Dovine's motion for a downward variance and sentenced him to 420 months in prison.  However, due to a *Rogers*[1] error at the 2024 resentencing hearing, both parties agreed to remand for another resentencing hearing.  At the most recent resentencing hearing, in June 2025, the district court again granted Dovine's request for a downward variance and sentenced him to 408 months' imprisonment.  Dovine timely appealed.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal.  Although informed of his right to do so, Dovine has not filed a pro se supplemental brief, and the Government has elected not to file a brief.

---

[1] *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

Here, the district court correctly calculated Dovine's advisory Guidelines range, heard argument from counsel, provided Dovine an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. Based on these proceedings and the factors identified by the district court, we conclude that Dovine's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. However, we remand to the district court with instructions to correct the amended judgment's "Special Conditions of Supervision." The district court stated at sentencing

3

that Dovine is required to obtain prior approval of the probation officer before incurring any new credit charges or opening additional lines of credit. This condition is absent from the amended judgment. We thus remand to the district court for correction of the amended judgment to conform with the district court's oral pronouncement that Dovine must obtain prior approval before incurring any new credit charges or opening additional new lines of credit. *See United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

This court requires that counsel inform Dovine, in writing, of the right to petition the Supreme Court of the United States for further review. If Dovine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dovine. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*